Filed 11/28/22 P. v. Buckley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C096324 |
| v. | (Super. Ct. No. 06F10601) |
| RODNEY BUCKLEY, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant Rodney Charles Buckley, Jr., asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the trial court's order denying defendant's petition for resentencing.

I

In 2006, defendant's friend Ricky Devon Taylor V was involved in several verbal and physical confrontations with his roommates, Sara S. and Rodney A.  Sara and Rodney left the apartment, taking a gun with them.  Upon learning Taylor was damaging Sara's property, Sara's father, Alfred O. and his cousin, Alberto R., returned to the apartment to get her things.  Taylor greeted Alberto at the door, armed with a handgun. Defendant was nearby, holding a shotgun, and pat-searched Alberto.  A few minutes

1

later, Alfred knocked on the door and was also greeted with guns drawn. Alfred grabbed Taylor's gun and began to wrestle with him. Taylor and defendant began firing at Alfred and Alfred returned fire. Alberto saw defendant had a clear shot at Alfred and stepped between them, holding his hands up. Defendant shot Alberto in the chest. Alfred, defendant and Taylor also sustained gunshot wounds. A jury convicted defendant of two counts of attempted murder (Pen. Code, §§ 664/187)[1] and found true gang (§ 186.22, subd. (b)(1)) and firearm enhancements (§ 12022.53, subd. (d)). On appeal, this court affirmed the convictions and the firearm enhancement, but reversed the gang enhancement. (*People v. Taylor* (Sep. 7, 2011, C062726) [nonpub. opn.].)[2]

On January 19, 2021, defendant filed a form petition for resentencing under section 1172.6.[3] Defendant checked the boxes indicating he was convicted pursuant to the felony-murder rule or the natural and probable consequences doctrine and could not now be convicted due to the changes to sections 188 and 189, effective January 1, 2019. On April 22, 2022, the trial court held a prima facie hearing on defendant's petition and found he was not entitled to relief because the jury instructions did not include a felony murder or natural and probable consequences instruction.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable

---

[1] Undesignated statutory references are to the Penal Code.

[2] On the court's own motion, we take judicial notice of our prior unpublished opinion in case No. C062726. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

[3] Effective June 30, 2022, the Legislature renumbered former section 1170.95 to become section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. Although defendant filed his petition under former section 1170.95, we cite the current section number throughout this opinion.

issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d. 493] apply to an appeal from an order denying a petition brought pursuant to section 1172.6 remains an open question. The California Supreme Court has not spoken. In the absence of Supreme Court authority to the contrary, we will adhere to *Wende* in the present case. (Cf. *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, 1034, 1039-1040, review granted Oct. 14, 2020, S264278; *People v. Flores* (2020) 54 Cal.App.5th 266, 273-274; *People v. Figueras* (2021) 61 Cal.App.5th 108, 111-113, review granted May 12, 2021, S267870.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.


                                         /S/
                                   MAURO, Acting P. J.


We concur:


     /S/
RENNER, J.


     /S/
KRAUSE, J.